REITLER KAILAS & ROSENBLATT LLC
Robert William Clarida
885 Third Avenue
20th Floor
New York, NY 10022
Phone: (212) 209-3044
Fax: (212) 371-5500
Email: rclarida@reitlerlaw.com
*Attorney for Plaintiff Lazar Lakic*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LAZAR LAKIC

|  |  |
|---|---|
| Plaintiff, | |
| -against- | **COMPLAINT** |
| ANTON MATSULEVICH p/k/a TONY FADD; WILLIE MAXWELL p/k/a FETTY WAP; GOODFELLA4LIFE ENT LIMITED LIABILITY COMPANY; BMG RIGHTS MANAGEMENT (US) LLC; and THEORY ENTERTAINMENT LLC a/k/a 300 ENTERTAINMENT, | **JURY TRIAL DEMANDED** |
| Defendants. | |

-------------------------------------------------------------x


Plaintiff Lazar Lakic ("Lakic "), by his attorneys, Reitler Kailas & Rosenblatt

LLC, alleges as follows:


## NATURE OF ACTION


      1.    Lakic is a musican, songwriter and performer based in Copenhagen,

Denmark.

      2.    Lakic composes, records and performs in the "rap music" genre.

3.      Plaintiff seeks damages for copyright infringement by the defendants, Anton Matsulevich p/k/a Tony Fadd ("Fadd"); Willie Maxwell p/k/a Fetty Wap ("Fetty Wap"); Goodfella4life Ent Limited Liability Company ("Goodfella"); BMG Rights Management (US) LLC ("BMG"); and Theory Entertainment LLC a/k/a 300 Entertainment ("300")(collectively "Defendants") arising from Defendants' unauthorized use of a musical composition ("Hello Composition") and sound recording ("Hello Recording") in which Lakic owns exclusive rights under the United States Copyright Act, 17 U.S.C. § 101 et seq. (the "Copyright Act").

4.      Plaintiff registered his copyright in the Hello Recording and Hello Composition, collectively, in the U.S. Copyright Office under the title *"Hello" Beat,* and received a registration certificate therefor, number SRu 1-208-586, with an effective date of August 27, 2015. A copy of this registration certificate is attached as Exhibit A.

5.      The Hello Recording and the Hello Composition, as registered in the U.S. Copyright Office, are hereafter referred to as the "Registered Works" or collectively as the "Beat".

6.      In contemporary music, instrumental works such as the Beat are often created independently by third parties for the purpose of allowing performers to create and record their own vocal melodies and spoken raps in synchronized relation to such beats, thereby eliminating the need for such performers to compose and record their own musical accompaniment tracks.

7.      Not later than January 2014, Defendant Fadd began marketing the Beat for this purpose through the internet.

2

8.      Defendants, without any authority from the Plaintiff, reproduced, publicly distributed and publicly performed a sound recording and musical composition, both entitled "Trap Queen," together with a promotional music video of that same title (collectively the "Infringing Works") incorporating exact copies of the Registered Works in their entirety, as accompaniments to the spoken and sung vocal passages of "Trap Queen," or authorized third parties to engage in such reproduction, public performance and public distribution of the Infringing Works.

9.      Plaintiff seeks legal and equitable relief to remedy Defendants' infringement of the Plaintiff's copyrights. Plaintiff requests an order: (1) declaring that Defendants' unauthorized duplication, public performance and public distribution of the Infringing Works or derivative works thereof, or Defendants' authorization of third parties to make such uses of the Registered Works, infringes plaintiff's copyrights in the Registered Works; (2) prohibiting Defendants from further infringement of the Plaintiff's copyrights; (3) requiring the impoundment and destruction of all copies of the Infringing Works in Defendants' custody or control; and (4) awarding actual damages and profits to the extent permitted under the Copyright Act.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this action under the copyright laws of the United States, 17 U.S.C. § 101 et seq. and 28 U.S.C. § § 1331 and 1338.

11.     Upon information and belief, this Court has personal jurisdiction over the Defendants because they have reproduced, distributed and performed the Infringing

Works in New York and this District, or have authorized others to do so in this District, and are otherwise doing business in this State and in this jurisdiction.

12.     Venue is proper in this District under 28 U.S.C. § 1391(b), 28 U.S.C. § 1391(c) and 28 U.S.C. § 1400(a).

## PARTIES

13.     Plaintiff Lakic is an individual residing and having a principal place of business in Copenhagen, Denmark.

14.     Upon information and belief, Defendant Fadd is an individual who resides in the Republic of Belarus.

15.     Upon information and belief, Defendant Fetty Wap is an individual who resides in Paterson, New Jersey.

16.     Upon Information and belief, Defendant BMG is a limited liability company established under the laws of New York having a principal place of business in Los Angeles, California.

17.     Upon Information and belief, Defendant 300 is a limited liability company established under the laws of Delaware having a principal place of business in New York, New York.

18.     Upon Information and belief, Defendant Goodfella is a limited liability company established under the laws of New Jersey having a principal place of business in Paterson, New Jersey.

## THE REGISTERED WORKS AND THE TRANSFER OF RIGHTS TO PLAINTIFF

19.     The Registered Works are original works of authorship.

20.     The Registered Works have been fixed in a tangible medium of expression.

21.     The Registered Works are copyrightable subject matter under the laws of the United States.

22.     The Registered Works have never been published with the consent of Plaintiff.

23.     Plaintiff is the owner of exclusive rights in the Registered Works.

24.     Plaintiff, acting through his duly authorized and fully disclosed agent Soren Mensberg, acquired exclusive rights in the Registered Works from the original creator of the Hello Composition and Hello Recording, Defendant Fadd, by written transfer dated February 9, 2014 ("Transfer").

25.     Plaintiff entered into the February 9, 2014 Transfer in good faith, for valuable consideration, and without actual or constructive notice of any previous transfer by Defendant Fadd of any rights in the Registered Works.

26.     Plaintiff recorded the written Transfer of exclusive rights from Defendant Fadd in the U.S. Copyright Office on or about April 13, 2015, in the manner prescribed in 17 U.S.C. § 205, and in an abundance of caution, recorded the Transfer a second time, in the manner prescribed in 17 U.S.C. § 205, on or about September 29, 2015, after a U.S. copyright registration certificate had been issued for the Registered Works.

27.     The written Transfer from Defendant Fadd to Plaintiff provides, *inter alia*, at Section 1 that "the Purpose of this Agreement is for [Fadd] to: 1.1 grant You

5

'exclusive rights' to the following beat 'Hello,' produced and legally owned by [Fadd] . . . 1.5 grant You to receive unlimited commercial activities associated with the Beat."

28.     The written Transfer further provides, *inter alia*, at section 2.1 that Plaintiff acquired the exclusive right to "to master, mix or re-engineer in whole or in part the Beat. Buyer does have the worldwide, exclusive transferable right for the use of the Music as long as additional audio/visual performances are recorded with our musical compositions (hereafter referred to as 'synchronization') [.] The Buyer is granted permission to sell or broadcast only in synchronization or mechanical reproduction with other visual or audio performances (vocals) added by the Buyer."

29.     The written Transfer further provides, *inter alia*, at section 3.2 that "Buyer is the sole owner of the music referred to in this agreement."

30.     Plaintiff has complied with all conditions set forth in the February 9, 2014 written Transfer.

## INFRINGEMENT

31.     Upon information and belief, Defendants had a reasonable opportunity to access the Registered Works prior to the making of the Infringing Works.

32.     Upon information and belief, Defendant Fetty Wap obtained one or more sound recordings of the Registered Works from Defendant Fadd in early 2014, and incorporated those sound recordings in their entirety into the Infringing Works later in 2014.

33.     Upon information and belief, consistent with the public records of the U.S. Copyright Office as of the date of this filing, no Defendant has recorded any transfer of rights in the Beat from Defendant Fadd with the U.S. Copyright Office at any time.

34.     Accordingly, pursuant to 17 U.S.C. §205(d), Defendant Fadd's February 9, 2014 transfer of exclusive rights in the Beat to Plaintiff prevails over any prior or subsequent transfer of rights to any Defendant.

35.     Upon information and belief, consistent with published media reports, in late 2014 Fetty Wap contacted Defendant Fadd with respect to obtaining rights in the Registered Works.

36.     Subsequently, on January 31, 2015, Defendant Fadd contacted Plaintiff and attempted to buy back the exclusive rights he had sold to Plaintiff under the February 9, 2014 written Transfer.

37.     Plaintiff declined to sell his exclusive rights in the Beat back to Defendant Fadd at that time, or at any other time.

38.     Beginning in March 2014 and continuing until the present time, Defendants reproduced, publicly distributed, and publicly performed the Infringing Works and derivative works thereof incorporating the Registered works in their entirety.

39.     Promptly after becoming aware of Defendants' unauthorized use of the Registered Works in the Infringing Works in early 2015, Lakic obtained the attached U.S. copyright registration for the Registered Works and advised Defendants that the use of the Registered Works in the Infringing Works was a violation of Plaintiff's exclusive rights in the Registered Works.

40.     Defendants have continued to reproduce, publicly distribute and publicly perform the Infringing Works.

41.     Plaintiff has suffered, and continues to suffer, from the infringing activities of Defendants, including without limitation from the Defendants' failure to pay a

license fee commensurate with the value of their commercial and promotional use of the Registered Works and from Defendants' usurping of Plaintiff's right to control the first publication and the commercial use of the Registered Works.

## COUNT I
## COPYRIGHT INFRINGEMENT

42.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 41 as if set forth fully herein.

43.     Defendants' unauthorized copying of Plaintiff's Registered Work into the Infringing Works, and subsequent reproduction, public distribution and public performance of the Infringing Works, or derivative works thereof incorporating the Registered works, are infringements of Plaintiff's copyright in violation of the Copyright Act, 17 U.S.C. § 106.

44.     As a direct and proximate result of the foregoing acts of the Defendants, the Plaintiff has been damaged in an amount to be proved at trial.

WHEREFORE, the Plaintiff requests the following relief:

A.     Actual damages and profits under 17 U.S.C. § 504 in an amount to be proved at trial;

B.     A permanent injunction requiring the Defendants to cease and desist from reproducing, distributing, performing and displaying the Infringing Works without authorization from the Plaintiff;

C.     An order requiring the impoundment and destruction of all copies of the Infringing Works in Defendants' custody or control;

D.     Such other and further relief as this Court deems just and proper.

8

Dated: New York, New York
       September 21, 2016

REITLER KAILAS &
ROSENBLATT, LLC
Attorneys for Plaintiff

By: _____
    Robert W. Clarida
    885 Third Avenue, 20th Floor
    New York, NY 10022
    Tel. (212) 209-3044

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## SRu 1-208-586

**Effective Date of Registration:**
August 27, 2015

---

## Title

| | |
|---|---|
| **Title of Work:** | "Hello" Beat |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2014 |

## Author

| | |
|---|---|
| • **Author:** | Tony Fadd |
| **Author Created:** | sound recording, musical composition |
| **Work made for hire:** | No |
| **Citizen of:** | United States |

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Lazar Lakic<br>c/o Robert Clarida, Esq., 885 Third Ave., New York, NY, 10022, United States |
| **Transfer statement:** | By written agreement |

## Rights and Permissions

| | |
|---|---|
| **Name:** | Robert Clarida |
| **Email:** | rclarida@reitlerlaw.com |
| **Telephone:** | (212)209-3044 |
| **Address:** | 885 Third Ave.<br>20th Floor<br>New York, NY 10022 United States |

## Certification

| | |
|---|---|
| **Name:** | Robert W. Clarida |
| **Date:** | August 27, 2015 |
| **Applicant's Tracking Number:** | 6752-01 |